IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELLE LILLIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-04-2248 |
| | § | |
| THE WOODLANDS OPERATING COMPANY, L.P., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Document No. 15). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## BACKGROUND

Plaintiff Michelle Lillie ("Lillie") brings suit against Defendant The Woodlands Operating Company, L.P. ("The Woodlands"), alleging The Woodlands terminated her employment in retaliation for taking maternity leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* (2000) ("FMLA").

Lillie began working as an accountant for The Woodlands in January 2001. Lillie became pregnant in 2002 and requested leave under the FMLA in January 2003. Lillie began her FMLA leave at the beginning of February 2003 and gave birth on

February 20, 2003. While Lillie was on leave, The Woodlands determined Lillie's position should be eliminated because her job functions had been largely absorbed by the company's downsizing and restructuring efforts. The Woodlands terminated Lillie's employment on March 20, 2003. At the time of Lillie's termination, the Woodlands offered Lillie its standard severance package, which Lillie declined. In the same downsizing effort, The Woodlands permanently terminated seven other accounting positions, including the position formerly occupied by Lillie's supervisor.

Lillie filed the instant action on June 10, 2004. The Woodlands filed the instant motion for summary judgment on April 6, 2005. The Woodlands argues that Lillie offers no facts sufficient to survive a motion for summary judgment and that The Woodlands had legitimate reasons for terminating Lillie's employment. Lillie responded to The Woodlands' motion for summary judgment on April 26, 2005, offering evidence she alleges establishes a *prima facie* case for retaliation and demonstrates The Woodlands' explanation for its termination is pretextual.

## STANDARD OF REVIEW

A court will grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is proper "against a party who fails to make a showing sufficient to establish . . . an element essential to that party's case." *Celotex*

2

*Corp. v. Catrett*, 477 U.S. 317, 322-23. The movant bears the initial burden of showing the absence of a material fact in the non-movant's "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 323. If the movant succeeds in this showing, the burden then shifts to the non-movant to produce specific facts refuting the movant's claims. *Celotex*, 477 U.S. at 324. All evidence must be construed in a light most favorable to the non-movant, and the court should draw justifiable conclusions based on that evidence. *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 529 (S.D. Tex. 1999) (citing *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996)). However, the non-movant cannot rely on unreasonable interpretations of the evidence such that no reasonable jury could find in its favor. *Id.* (citing *Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 469 (1992)).

## LAW & ANALYSIS

Lillie complains The Woodlands terminated her job in retaliation for taking the full twelve weeks of maternity leave allowed under the FMLA but offers no direct evidence of such retaliation. Absent direct evidence of retaliation, courts use the *McDonnell Douglas* analytical framework to determine whether "an employee was penalized for exercising rights guaranteed by the FMLA." *Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 319 (5th Cir. 1999). The *McDonnell Douglas* framework is

a "[t]hree-part burden-shifting scheme." *Chaffin*, 179 F.3d at 319.  First, the plaintiff must establish a *prima facie* case of discrimination.  *Id.*; *Slaughter-Cooper v. Kelsey-Seybold Medical Group P.A.*, 379 F.3d 285, 291 (5th Cir. 2004).  Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to produce an alternative legitimate non-discriminatory explanation for the plaintiff's termination. *Chaffin*, 179 F.3d at 319-20.  Finally, if the defendant produces an acceptable alternative explanation, the burden shifts back to the plaintiff to prove the defendant's explanation is merely pretextual and the real reason for termination was discriminatory. *Id.* at 320.

A.     The *Prima Facie* Case

Lillie argues her termination was directly related to taking twelve weeks of maternity leave under the FMLA.  A plaintiff states a *prima facie* case of retaliation by showing (1) her actions were protected under the FMLA (2) her employment was terminated, and (3) there was a causal link between her termination and protected activities.  *Chaffin*, 179 F.3d at 319; *see also Slaughter-Cooper*, 379 F.3d at 291. The causal connection required in the third prong of the plaintiff's *prima facie* case has a lower threshold than the "but for" causation required to ultimately prove retaliation. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 n.8 (5th Cir. 1998). Accordingly, the plaintiff need not prove that retaliation was the sole factor in the

defendant's termination decision to establish a *prima facie* case of retaliation. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002). Furthermore, a court may consider "the temporal relationship between the employee's conduct and discharge" to determine "whether a causal link has been demonstrated in the *prima facie* case stage." *Boriski v. City of College Station*, 65 F. Supp. 2d 493, 514 (S.D. Tex. 1999). The temporal relationship is a significant but not always determinative indicator. *Id.*

Because Lillie took leave under the FMLA, she engaged in a protected activity that satisfies the first element of the *prima facie* case. Because her employment was terminated, Lillie also satisfies the second element of the *prima facie* case. The Court must determine, however, if Lillie can demonstrate a causal connection between her protected conduct and The Woodlands' termination decision.

Lillie presents essentially three pieces of evidence in an attempt to prove the causal link between taking FMLA leave and The Woodlands' termination decision. First, Lillie proffers the fact that a temporal proximity exists between her FMLA leave and termination because The Woodlands terminated her employment while she was on maternity leave. Second, Lillie alleges two of her co-workers made statements suggesting that if Lillie took twelve weeks of leave instead of six weeks, there would be employment ramifications. Finally, Lillie avers that The Woodlands' written leave policy, which she argues indicated only six weeks of maternity leave were permitted,

5

misleads employees as to their statutory right to twelve weeks of maternity leave.

The Woodlands terminated Lillie's employment approximately six weeks into her twelve-week FMLA leave. Therefore, Lillie does show a temporal proximity between taking FMLA leave and her termination. Lillie relies heavily on this temporal proximity argument, even though temporal proximity is but one indicator in finding a causal link and is not always determinative. *Boriski*, 65 F. Supp. 2d at 514.

Lillie also relies heavily on the alleged comments of two co-workers, indicating Lillie might be vulnerable to an adverse employment decision if she took twelve weeks of leave. Generally, oral remarks in the workplace are indicative of discrimination only if made by decision-makers principally responsible for the plaintiff's termination. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002). However, Lillie does not allege the women who allegedly made the statements were decision-makers. Moreover, Lillie never deposed or took the affidavits of these two co-workers. Because Lillie offers no evidence the two co-workers who made the comments were managers, decision-makers, or were directly involved in the decision to terminate Lillie, the alleged statements have little probative value.

Finally, Lillie offers The Woodlands' written leave policy as evidence of animus. After reading the policy, the Court finds this evidence is of minimal probative value. The policy language is not misleading as to the availability of maternity leave, as Lillie

6

claims. Rather, The Woodlands offers employees a paid alternative to the twelve weeks of statutorily required FMLA leave.[1] Therefore, the Court finds the language of the policy does not establish a causal link between Lillie's leave and termination.

In sum, the Court finds the temporal proximity between Lillie's leave and termination, in combination with the comments made by two of her co-workers and The Woodlands' written leave policy, even if viewed in a light most favorable to Lillie, are insufficient to demonstrate the causal link necessary to establish the *prima facie* case. The Court will nevertheless proceed with its analysis.

B.      Alternative Legitimate Explanations

The second prong of the *McDonnell Douglas* analytical framework requires the defendant to produce alternative legitimate non-discriminatory explanations for the plaintiff's termination. *Chaffin*, 179 F.3d at 319-20. Here, The Woodlands avers it terminated Lillie as part of the company's restructuring and downsizing. Courts have held that layoffs resulting from restructuring and downsizing programs qualify as legitimate and non-discriminatory reasons for terminating employment, and that the FMLA does not harbor an employee from all adverse employment decisions. 29 U.S.C. § 2614(a)(3) (2000); 29 C.F.R. § 825.216(a)(1); *Ilhardt v. Sara Lee Corp.*, 118 F.3d

---

[1] The Woodlands' written leave policy gives employees the option of taking six weeks of paid maternity leave or electing to take the full twelve weeks of unpaid leave allowed under the FMLA.

1151, 1157 (7th Cir. 1997); *Burton v. Bucker Children & Family Serv., Inc.*, No. Civ. A. 02-0415, 2003 WL 21283394, at *5 (N.D. Tex. May 28, 2003). The Woodlands, therefore, provides a legitimate non-retaliatory reason for Lillie's termination by providing evidence Lillie was laid off as part of a downsizing program.

C.     Pretext

Because The Woodlands satisfies the second-prong of the *McDonnell Douglas* framework, Lillie must prove The Woodlands' alternative reasons for her termination are merely pretextual. *Chaffin*, 179 F.3d at 320. To prove a defendant's alternative explanations are merely pretextual, the plaintiff must show the falsity of the explanation and that discrimination was the real motive. *Chaffin*, 179 F.3d at 320 (citing *Walton v. Bisco Indus., Inc.*, 119 F.3d 368, 370 (5th Cir. 1997)). If the plaintiff proves the defendant's alternative explanation is false, it would be reasonable for a jury to infer discrimination. *Reeves*, 530 U.S. at 147-48; *Sandstad*, 309 F.3d at 897.

In an attempt to establish causation, Lillie reurges the evidence relied upon to establish her *prima facie* case. In addition, Lillie emphasizes the fact that when she applied for unemployment after her termination, The Woodlands appealed her application on the grounds Lillie had been terminated for cause. Lillie alleges the discrepancy between these unemployment documents and The Woodlands' position that Lillie was laid off as part of a downsizing program demonstrates the falsity of The

Woodlands' proffered reason for termination.

Upon analysis, the Court determines that Lillie fails to create a genuine issue of material fact as to whether The Woodlands' terminated Lillie for engaging in a protected activity. The Woodlands presents ample evidence in the form of depositions, affidavits and company records that Lillie's termination was the result of company downsizing and restructuring. Moreover, Lillie was not the only accountant that The Woodlands terminated in its restructuring scheme. The Woodlands terminated many other accountants who were not on FMLA leave, including Lillie's supervisor, for the same downsizing reasons. Lillie fails to rebut The Woodlands' explanation for her termination and presents no evidence in opposition. Instead, Lillie relies almost entirely on her argument that The Woodlands is being untruthful in its assessment of her termination. Specifically, Lillie asserts that because The Woodlands challenged her unemployment claim, it is misrepresenting her termination by calling it a "lay-off," when in fact, Lillie was actually terminated for taking leave. Lillie essentially argues that The Woodlands' challenge of her unemployment is a concession by The Woodlands that Lillie was fired for cause. Lillie further avers this inconsistency allows the Court to infer discriminatory and retaliatory intent.

Under the third prong of the *McDonnell Douglas* test, Lillie must create a genuine issue of material fact as to whether The Woodlands' proffered reasons for her

termination are pretextual and that retaliation was the true reason. *Chaffin*, 179 F.3d at 320. Lillie fails to meet this burden. Even viewing all the evidence in a light most favorable to Lillie, the Court determines that her evidence creates a very weak, if any, inference of retaliation. However, a weak inference of retaliation is insufficient to survive summary judgment. *Reeves*, 530 U.S. at 148; *see also Walton*, 119 F.3d at 370 (holding that discrimination cannot be inferred unless plaintiff's evidence is substantial). Lillie relies almost entirely on her argument that The Woodlands made false representations and that these false representations allow the Court to infer discriminatory intent. Significantly, however, Lillie fails to show how, even if The Woodlands mischaracterized the classification of its decision, this characterization in any way demonstrates Lillie's FMLA leave played a role in The Woodlands' decision to sever the employment relationship. In other words, Lillie's evidence is not strong enough to create a genuine issue of material fact which would allow an inference of retaliation. *See Reeves*, 530 U.S. at 148. Accordingly, the Court grants summary judgment on Lillie's FMLA claim. Given the foregoing, the Court hereby

    ORDERS that Defendant's Motion for Summary Judgment (Document No. 15) is GRANTED.

SIGNED at Houston, Texas, on this 1st  day of July, 2005.

_____
DAVID HITTNER
United States District Judge